by the plaintiff to the defendant in his own name, and the mere fact of the coachman coming with the money to pay the same was not a circumstance at variance with everyday dealings, and could not constitute notice sufficient to put plaintiff upon inquiry. Judgment affirmed, with costs.

FOLEY, Appellant, v. BALLWEG et al., Respondents. (Supreme Court, Appellate Division, Second Department. October 18, 1901.) Action by M. Charles Foley against Susanna Ballweg and Lina Miller. No opinion. Judgment affirmed by default, with costs.

FOLSOM, Appellant, v. WINTERS, Respondent. (City Court of New York, General Term. May, 1901.) Action by John G. Folsom against Elizabeth Winters. John M. Ward, for appellant.

HASCALL, J. We think that no error was committed by the court below that calls for a reversal of the judgment appealed from. The papers excluded did not tend to prove agency, and none was established. Most of plaintiff's objections and exceptions are entirely without grounds assigned therefor, and cannot be considered by us upon appeal, while the others cannot avail as against the inherent weakness of appellant's case. Judgment appealed from should be affirmed, with costs. Judgment affirmed, with costs.

CONLAN and O'DWYER, JJ., concur.

FRANKEL et al., Respondents, v. BROWN, Appellant. (City Court of New York, General Term. May, 1901.) Action by Jacob Frankel and others against Louis Brown. Myers, Goldsmith & Bronner (Leonard Bronner, of counsel), for appellant. Henry Kuntz, for respondents.

HASCALL, J. While we in the main agree entirely with the appellant's contention regarding the law, yet we do not find that the facts quite meet the requirements necessary to bring the authorities cited effectually to bear upon the question of this appeal, which is whether or not the papers were insufficient because facts were not shown which made a specific sum due to the plaintiffs, over and above all counterclaims. We find the case at bar even stronger in fundamental facts than Lawton v. Riel, 34 How. Prac. 465; for here the means were furnished by the papers themselves to compute the exact amount of damages claimed by plaintiffs. Order must be affirmed, with costs and disbursements to respondents. Order affirmed, with costs to respondents.

CONLAN, J., concurs.

O'DWYER, J. I dissent. The proof failed to show that at the time the attachment was issued the plaintiffs were entitled to recover the sum of $960 as damages for their wrongful discharge. Order should be reversed, and motion granted, with $10 costs and disbursements.

FRIEDMAN, Respondent, v. HERTER et al., Appellants. (City Court of New York, General Term. May, 1901.) Action by Robert Friedman against Peter J. Herter and others.

John F. Coffin, for appellants. Shapiro & Shapiro (Aaron S. Shapiro, of counsel), for respondent.

CONLAN, J. This action was brought to foreclose a mechanic's lien upon certain premises on West Fifty-Second street in the city of New York. After issue joined, the case was referred to a referee to hear and determine. The complaint demands $400 as a balance due under the contract between the parties, and $530 for extra work. The judgment is for the $400, interest, and costs; the charge for the extra work not having been found in the plaintiff's favor. We have examined the whole case, and think there was ample evidence to sustain the findings and conclusions reached by the learned referee, and do not find any reason for disturbing the conclusions reached by him; and the judgment appealed from must therefore be affirmed. Judgment affirmed.

O'DWYER, J., concurs.

HASCALL, J. (dissenting). It appears to me that plaintiff did not show substantial compliance with the terms of his agreement as to his work, nor did he produce the architect's certificate that he was entitled to payment. For these reasons I dissent.

FULLER, Respondent, v. CITY OF MT. VERNON, Appellant. (Supreme Court, Appellate Division, Second Department. October 18, 1901.) Action by James K. Fuller against the city of Mt. Vernon. No opinion. Judgment and order unanimously affirmed, on authority of Archer v. City of Mt. Vernon, 63 App. Div. 286, 71 N. Y. Supp. 571, with costs.

F. W. DODGE CO., Appellant, v. MAY, Respondent. (Supreme Court, Appellate Term. June, 1901.) Action by the F. W. Dodge Company against Solomon May. J. S. Montgomery, for appellant. C. B. Palmer, for respondent.

PER CURIAM. It seems to this court either that the learned justice erred in the construction of the written agreement, in that it could be terminated at any time upon giving the specified notice, whereas it lasts by its terms for one year, and thereafter may be ended upon giving of the notice, or that he failed to notice the want of any testimony in the defendant's behalf of a breach by the plaintiff. The contract provided that plaintiff shall furnish "such information as it is able to obtain" regarding the subject-matter. An examination of the record fails to show any breach by plaintiff in that behalf, while the defendant admits receipt of the reports for the full term of one year. Judgment reversed, and new trial ordered, with costs to abide event.

GAINES, Respondent, v. JONES, Appellant. (Supreme Court, Appellate Division, Second Department. October 18, 1901.) Action by Lottie Gaines against Missouri Gaines Jones, as administratrix, etc., of Ulysses Gaines, deceased. No opinion. Order affirmed, with $10 costs and disbursements.

GANS, Appellant, v. GREEF et al., Respondents. (Supreme Court, Appellate Term. June, 1901.) Action by Isaac Gans against John

Greef and others. E. W. Wakelee, for appellant. C. G. Miller, for respondents. No opinion. Judgment affirmed, with costs.

---

GARLICK, Respondent, v. MEYERS, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Joseph Garlick against Louis Meyers. Leon Sanders, for appellant. Stanislaus N. Tuckman, for respondent.

PER CURIAM. The justice was right in setting aside the verdict. The evidence was clear that the coach in question was allotted to plaintiff in the division of the partnership property, that it was afterwards found in defendant's possession, that the plaintiff demanded its return, and that defendant refused to give it up. These facts established the plaintiff's right to recover. The defendant offered no evidence to show how he came into possession of the coach, or what claim of right, if any, he had to its possession. It is not important whether the coach was put in plaintiff's stable or taken away by defendant on the night that the division was made. In either event it belonged to the plaintiff, and later was found in defendant's possession. If he had any right to its possession, he should have made the fact to appear. Order affirmed, with $10 costs.

---

GEFFEN et al., Respondents, v. UNION CLOAK & SUIT CO., Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Morris L. Geffen and others against the Union Cloak & Suit Company. Louis A. Jaffer, for appellant. Joseph Martin (William L. Mathot, of counsel), for respondents.

PER CURIAM. The case presents no exception which raises any question of law. Judgment (69 N. Y. Supp. 1134) affirmed, with costs.

---

GERKEN, Appellant, v. HALL et al., Respondents. (Supreme Court, Appellate Division, First Department. October 18, 1901.) G. H. Taylor, Jr., for appellant. L. Skidmore, for respondents.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on opinion of court below. 71 N. Y. Supp. 753.

VAN BRUNT, P. J. I dissent from the conclusion arrived at by the majority of the court, affirming the order in this case upon the opinion of the court below. If the rule adopted in this case is to prevail, tenants have no protection whatever against aggressions of their landlords, when such landlords have the ability to respond to any judgment which may be recovered in an action at law. This is the first time in the history of jurisprudence in this state, so far as I have been able to learn, that a covenant for quiet enjoyment has been deliberately violated by a landlord and no protection has been afforded to the tenant, except his right to bring an action for damages. Cases are cited where the courts have remitted a landlord to his action for damages where he has sought to enforce a restrictive covenant against the use of the premises; but none can

be found where the landlord has threatened to, and is, deliberately violating his covenant of quiet enjoyment of the premises leased, and the tenant has not been afforded any protection. It is said that the maintenance of an injunction under the circumstances disclosed in this case would seem to work a greater hardship to the landlord than a vacation of it would to the tenant. In other words, notwithstanding that the landlord deliberately violates his covenant of quiet enjoyment, because by such violation he may gain greater advantages than the damage he does to his tenant, therefore the tenant is not to be protected. It seems to me that this is a dangerous doctrine. It is urged that the landlord notified the tenant that he was going to make certain improvements. This, however, the tenant denies. But, if he did, and he then went on and covenanted that the tenant should enjoy the premises for the term leased, which is to prevail,—his notice, or his covenant? It is said in the opinion of the court below: "It would be establishing a dangerous precedent to grant an injunction in every case where, as here, the possible rights and privileges of a tenant are temporarily, but not unnecessarily, interfered with by proposed alterations and improvements to the landlord's building, even though the tenant may suffer some damage thereby." Why, then, did the landlord make the lease? To what extent is he to be allowed to interfere and violate his covenant? Who is to judge? What security has the tenant? How is the tenant to give proof in a court of law as to how many people have been deterred from entering his establishment by this serious disturbance of the facilities of ingress and egress on and from the premises leased? The landlord has a big building, which he desires to improve. The tenant has but a small portion of that building. The landlord's interests are great, and the tenant's small; but the small interest of the tenant is entitled to the same protection of the law as the large interest of the landlord. His ewe lamb may be of vastly more importance to the tenant than the numerous flocks of the landlord to him. The order should be reversed.

---

In re GIHON. CARPENTER, County Treasurer, et al., Appellants, v. GIHON et al., Respondents. (Supreme Court, Appellate Division, Second Department. October 11, 1901.) In the matter of the appraisal of the property of Caroline Remsen Gihon, deceased, under the act in relation to taxable transfers of property. Action by Francis M. Carpenter, treasurer of Westchester county, and Erastus C. Knight, comptroller of the state of New York, against William Gihon, F. G. Le Roy, and Haley Fiske, executors. No opinion. Decree of the surrogate's court of Westchester county (68 N. Y. Supp. 381) affirmed, on the opinion of the surrogate, with costs to the executors, respondents, payable out of the estate.

---

GOLD, Appellant, v. METROPOLITAN ST. RY. CO., Respondent. (Supreme Court, Appellate Term. June, 1901.) Action by Hannah Gold against the Metropolitan Street Railway Company. A. H. Sarasohn, for appellant. H.